IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN EDWARD YOUNG and )
MARCIA MARIE YOUNG, his wife, )
              )
  Plaintiffs, )
              )
  v. ) Civil Action No. 06-127E
              )
MTD PRODUCTS, INC., an Ohio )
Corporation, individually and t/d/b/a )
YARDMAN COMPANY and )
WAL-MART STORES EAST, L.P., )
a foreign limited partnership, )
              )
  Defendants. )

## OPINION

Plaintiffs John Edward Young and his wife, Marcia Marie Young have sued for damages for injuries John Young allegedly sustained while operating a lawnmower manufactured by Defendant MTD Products Inc., t/d/b/a Yardman Company ("MTD") and sold by Defendant Wal-Mart Stores East ("Wal-Mart"). Plaintiffs have asserted claims of negligence, strict liability, breach of warranty, and loss of consortium against both defendants. Defendants have filed crossclaims against each other.

We have diversity jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332. Pennsylvania products liability law applies.

Before the Court are motions for summary judgment with accompanying briefs filed by Defendant MTD (Doc. 34) and Defendant Wal-Mart (Doc. 37). Defendants seek summary judgment as to Count II, which asserts strict liability in violation of 402(A) of the Restatement of Torts (Second) and Pennsylvania law, and Count III, Plaintiffs' breach of warranty claim. Plaintiffs have filed briefs in opposition to each motion, to which the Defendants have replied.

Having now considered the submissions of the parties and the applicable law, for the reasons set forth below we will deny the motions for summary judgment.

### I. Background

Taking any disputed facts in the light most favorable to the Plaintiff: Plaintiff John Young

purchased a lawn tractor from Wal-Mart Stores East on May 11, 2004 for the sum of $1,097.00 (Joint Facts ("JF") at 1-2). The lawn tractor was manufactured by MTD Products Inc. (JF at 3). The lawn tractor was a Yardman 693 Lawn Tractor (JF at 4). Plaintiff and his brother-in-law transported the lawn tractor from Wal-Mart to Plaintiffs' home. (Ex. B at 71).

MTD shipped the lawn tractor to Wal-Mart on crates. (Stover Dep. Ex. D at 37, 48). The lawn tractor's seat, steering wheel, and battery cable were not attached to the lawn tractor when it was shipped by MTD to Wal-Mart. (JF at 6). Wal-Mart personnel were responsible for attaching the seat and steering wheel to the tractor. (JF 7). Wal-Mart employees were given very little training in assembling the riding mowers. Ex. D, p.26. After attaching the seat and steering wheel the employee who assembled the tractor would etch an identification number onto the seat to indicate that the assembly was finished. Ex. D, p. 39, 61.

Wal-Mart trains its employees to tell customers that the riding mowers were fully assembled and ready to go; Mr. Young was told this when he purchased the riding mower. There were no warnings on the riding mower that the seat was not fully assembled. Mr. Young did not purchase an extended warranty because he believed that the warranty which came with the riding mower was sufficient.

The day he purchased the mower, Mr. Young began to cut his grass and then stopped the lawn mower in order to move an object out of the way. Upon pushing his foot on the brake pedal, the seat slid forward causing him to be thrown forward. When he was thrown forward, the steering wheel came off its shaft. Mr. Young alleges that he sustained extensive injuries as a result.

## II. Summary Judgment Standard

Summary judgment is proper where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Childers v. Joseph*, 842 F.2d 689 (3d Cir. 1989). "Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

2

party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A court considering summary judgment must examine the entire record in the light most favorable to the nonmoving party, and draw all reasonable inferences in its favor. *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986). The court must not engage in credibility determinations at the summary judgment stage. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998) (*quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n. 1 (3d Cir. 1994)).

The moving party bears the initial responsibility for demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. This burden may be met by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. However, once the moving party has properly supported its motion, the opponent must provide some evidence that a question of material fact remains for trial. *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet this burden, the non-moving party may not rest upon mere allegations, general denials, or vague statements. *Bixler v. Central Penn. Teamsters Health & Welfare Fund*, 12 F.3d 1292 (3d Cir. 1993). The party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matushita*, 475 U.S. at 486. In other words, the non-moving party must go beyond the pleadings and show, through its own affidavits or by the depositions, answers to interrogatories and admissions on file, the specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

### III. Analysis

### Count II, Strict Liability

Defendants' first argue that Plaintiffs have not established a claim under Section 402A of the Restatement (Second) of Torts because they have failed to provide expert testimony that the lawn tractor was defective. Plaintiffs assert that expert testimony is not required to state a claim under 402A under Pennsylvania law.

Under Pennsylvania law, a seller is strictly liable for a defective product as follows:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to

3

> liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
>> (a) the seller is engaged in the business of selling such a product, and
>>
>> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) The rule stated in Subsection (1) applies although
>
>> (a) the seller has exercised all possible care in the preparation and sale of his product, and
>>
>> (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Section 402A, Restatement (Second) of Torts, adopted by the Commonwealth of Pennsylvania in *Webb v. Zern*, 220 A.2d 853 (Pa. 1966).

To prevail on a strict liability claim, a plaintiff must prove (1) that the product was defective, (2) that the defect existed when the product left the hands of the defendant, and (3) that the defect caused the harm. *Riley v. Warren Mfg.*, 688 A.2d 221, 224 (Pa. Super 1997). Whether a product is unreasonably dangerous is a question of law for the court to decide. *Id.*.

We agree with the Plaintiffs that Pennsylvania law does not require expert testimony in every case brought under Section 402A. In *Padillas v. Stork-Gamco, Inc.*, the Court of Appeals for the Third Circuit explained that the court had not "directly addressed the specific issue of when expert evidence is required in a products liability case(,)" although it had stated in dictum that a product defect could be established by expert testimony or by circumstantial evidence. *Padillas*, 186 F.3d 412, 415 (3d Cir. 1999) (citing *Barris v. Bob's Drag Chutes & Safety Equip., Inc.*, 685 F.2d 94, 101 (3d Cir. 1982) (citing Pennsylvania cases)). *Padillas* involved a products liability claim against the manufacturer of a poultry cutting machine used in chicken processing. The district court excluded plaintiff's expert report, and then granted summary judgment for the

4

defendant because plaintiff had failed to provide expert testimony that the machine was unsafe for its intended use. After considering circumstantial evidence offered by the plaintiff, the Court of Appeals reversed. The court held that "on the record before us, we cannot exclude the possibility that plaintiff's non-expert evidence will be sufficient to submit his claim of defect to the jury." *Id.* at 416. In reaching this conclusion, the court relied on the reasoning in *Wilburn v. Maritrans GP Inc.*, 139 F.3d 350 (3d Cir. 1998) and *Salem v. United States Lines*, 370 U.S. 31 (1962), two maritime cases holding that expert testimony was not required to support a verdict of negligence where there was circumstantial evidence from which the jury could understand the circumstances of the case. The Supreme Court concluded in *Salem* that expert evidence was not necessary "if all the primary facts can be accurately and intelligently described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or particular training . . . ." *Padilla*, 186 F.3d at 415-416 (quoting *Salem*, 370 U.S. at 35 (internal citations omitted)).

Defendants would have us read *Padillas* as limited to its facts. However, the Court of Appeals had a clear opportunity to set a brightline rule requiring expert testimony in a products liability action but did not. Instead, the Third Circuit, applying Pennsylvania law, permitted the jury to consider only circumstantial evidence to establish a product defect. By holding that plaintiff's circumstantial evidence was enough for the jury to understand how the machine was constructed and used, the court determined that in such a case expert testimony was not necessary and that a product defect could be understood without it.

Clearly, then, expert testimony is not required to avoid summary judgment in a case brought under Section 402A, provided there is other evidence to enable the jury to understand the alleged defect. We find that there is.

Plaintiffs have produced the expert report of David W. Kassekert, a mechanical engineer:

> the rear seat bolts had not been installed, and the
> steering wheel attachment bolt was loose in the center
> of the steering wheel. This allowed the seat to slide

5

>forward and the steering wheel to become unattached from the steering shaft when [Husband Plaintiff] tried to use it to brace himself with it. This was the direct cause of the accident that led to [Husband plaintiff's] injuries.

Pls.' Ex. B at 3.

Accordingly, Defendants' motions for summary judgment will be denied with respect to Count II of the complaint.

### Count III: Breach of Warranty

Count III alleges breach of warranty under several different theories: breach of the warranty of merchantability, breach of express and implied warranties, and breach of warranty for a particular purpose. These warranties "serve to protect buyers from loss where the goods purchased are below commercial standards or are unfit for the buyer's purpose." *Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992) (applying Pennsylvania law).

Defendants assert that there is no evidence to support any of these theories, and that they must be dismissed. Goods are merchantable when they are "fit for the ordinary purposes for which such goods are used." 13 Pa. C.S. § 2314(b)(3). "{T}he concept of 'merchantibility' does not require that the goods be the best quality or the best obtainable but it does require that they have an inherent soundness which makes them suitable for the purpose for which they are designed . ..." *Gall v. Allegheny County Health Dep't.*, 553 A.2d 786, 798 (Pa. 1989). Goods are warranted for fitness for a particular purpose where the seller had reason to know the buyer's particular purpose and the buyer relied on the seller's expertise. *Altronics*, 957 F.2d 1105. And finally, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the good shall conform to the description."

We find that the defendants have not met their burden that there are no genuine issues of material fact with respect to their motions for summary judgment as to each of the three theories set forth in Count III of the complaint. The plaintiffs have ample evidence to support their claim

6

that on the day that Mr. Jones purchased the riding lawn mower, he had conversations with at least three Wal-Mart employees, was told that the mower was "fully assembled and ready to go," and relied on these representations when he decided to purchase the riding mower. There does not appear to be any dispute that on the same day he purchased the mower, Mr. Young began to cut his lawn, which was its ordinary purpose, and was thrown from the mower because the seat and steering wheel came loose.

In conclusion, we find that there are genuine issues of material fact with respect to Counts Two and Three. An appropriate order will be entered.

Date: *September 8, 2008*

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge